**E-FILED**
Thursday, 13 March, 2014  02:30:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **MIKE D. RUSSELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No.: 13-2268-JES-DGB** |
| | ) | |
| | ) | |
| **OFFICIAL STEVENSON, CORRECTIONAL** | ) | |
| **OFFICER HANSON, CORRECTIONAL** | ) | |
| **OFFICER KRUMWEIDE, SERGEANT** | ) | |
| **WOODS, SERGEANT TODD, CORPORAL** | ) | |
| **BRIGHT, CORRECTIONAL OFFICER** | ) | |
| **SMITH, TIMOTHY F. BUKOWSKI, CHIEF** | ) | |
| **DOWNEY, and ASSISTANT CHIEF** | ) | |
| **KOLOWENZEW,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MERIT REVIEW OPINION

**JAMES E. SHADID, Chief U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of

Plaintiff Mike D. Russell's claims.

**I.**
**MERIT REVIEW UNDER 28 U.S.C. § 1915(A)**

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a

complaint filed by a plaintiff who seeks to proceed *in forma pauperis*.  The Court must dismiss a

complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or

malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary

relief from a defendant who is immune from such relief. *Id*.  The test for determining if an action

is frivolous or without merit is whether the plaintiff can make a rational argument on the law or

facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to

1

state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.,* 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions).  Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Russell is a pretrial detainee who is currently being housed at the Cook County Jail while he awaits trial.  From July 6, 2012 through September 11, 2013, Russell was held at the Jerome Combs Detention Center in Kankakee, Illinois ("Jerome Combs").  For approximately sixty days while at Jerome Combs, Russell was housed in segregation.

Russell claims that, while in segregation at Jerome Combs, Defendants, who are all officials or employees at Jerome Combs, only allowed him out of his cell for one hour per day. How Russell spent that one hour out of his cell was up to him.  Russell could shower, exercise in the yard, or visit the law library during this one hour time period.

Russell alleges that being forced to choose between an hour's exercise time in the yard and an hour's time in the law library violated his constitutional rights.  Specifically, Russell

contends that Defendants' actions deprived him of his First Amendment right of access to the courts. Russell states that, because he had to choose between exercise and defending himself in a suit in which he was a criminal defendant, he had to discontinue representing himself in his criminal case. In addition to alleging a First Amendment claim, Russell alleges that the supervisors at Jerome Combs are liable to him under the doctrine of respondeat superior pursuant to Illinois law.

"The First Amendment right to petition the government for redress of grievances includes the right of access to the courts." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009)(citing cases). "[P]ersons in prison, like other individuals, have the right to petition the Government for redress of grievances which, of course, includes 'access of prisoners to the courts for the purpose of presenting their complaints.'" *Cruz v. Beto*, 405 U.S. 319, 321 (1972)(quoting *Johnson v. Avery*, 393 U.S. 483, 485 (1969). While the right of access to the courts requires prison officials to provide prisoners with the necessary tools "to attack their sentences, directly or collaterally," and "to challenge the conditions of their confinement," *Lewis v. Casey*, 518 U.S. 343, 355 (1996), it is not an abstract, freestanding right to legal assistance. *Id*. at 351. A prisoner asserting a denial of access claim must show an "actual injury" in the form of interference with a "nonfrivolous legal claim." *Id*. at 353.

"In other words, the right of access to the courts is tied to and limited by a prisoner's right to 'vindication for a separate and distinct right to seek judicial relief for some wrong.'" *Lehn v. Holmes*, 364 F.3d 862, 865 (7th Cir. 2004)(quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). A plaintiff must identify the non-frivolous, arguable underlying claim that he wished to, but could not, assert because of the defendant's interference with his access to the courts. *Lewis*, 518 U.S. at 351.

However, there is no constitutional violation when a prisoner has time to re-submit legal documents in a court despite impediments caused by prison officials. *Richardson v. McDonnell*, 841 F.2d 120, 122 (5ᵗʰ Cir. 1988).  Moreover, a civil rights claim cannot be based on "minor and short-lived impediments to access" in the absence of actual prejudice. *Chandler v. Baird*, 926 F.2d 1057, 1063 (5ᵗʰ Cir. 1991).

In the instant case, Russell has failed to state a cause of action for denial of access to the courts because he has failed to allege an actual legal injury resulting from Defendants' alleged deprivation.  Russell has not alleged what non-frivolous legal claim he wanted to pursue but could not based upon Defendants' interference other than alleging that he can no longer represent himself in his pending criminal matter. *Ortiz v. Downey*, 561 F.3d 664, 671 (7ᵗʰ Cir. 2009) (holding that a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.").  That allegation is not enough for Russell to state a cause of action upon which relief can be granted for denial of access to the courts in violation of his First Amendment rights

Furthermore, because Russell sought to represent himself in a criminal case but had to withdraw because of the alleged lack of access to the law library, Russell's criminal court, presumably, appointed counsel to represent him in that criminal case.  If he is represented, Russell cannot maintain a denial of access to the courts claim. *Martin v. Tyson*, 845 F.2d 1451, 1456 (7ᵗʰ Cir. 1988); *United States v. Sykes*, 614 F.3d 303, 311 (7ᵗʰ Cir. 2010)(holding that the Constitution does not require that a plaintiff be provided with legal resources in addition to a court appointed attorney).

Finally, Russell seeks monetary damages as a result of Defendants' alleged denial of his right of access to the courts.  However, the Seventh Circuit has explained the difficulty with an inmate obtaining damages for a denial of access to the courts claim unless and until that prisoner has obtained a reversal or a vacation of his conviction because such a claim would be barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 383 (1994). *Burd v. Sessler*, 702 F.3d 429,433-34 (7th Cir. 2012).  That has not yet happened as Russell is still a pretrial detainee awaiting trial.  And, because Russell is no longer at Jerome Combs but has been transferred to the Cook County Jail, injunctive relief as a remedy is no longer available to him either. Accordingly, the Court finds that Russell's Complaint fails to state a First Amendment claim for denial of access to the courts upon which relief can be granted. *Clifton v. Lappin*, 2010 WL 4136450, * 4 (W.D. La. Oct. 4, 2010)(dismissing the plaintiff's complaint because he had wholly failed to allege that he suffered any actual legal prejudice as a result of the defendants' actions); *Decker v. McDonald*, 2010 WL 1424322, * 12-13 (E.D. Tex. Jan. 11, 2010)(same).

As for Russell's state law claim, the Court declines to exercise jurisdiction over that claim to the extent that he even possesses such a claim.  The Seventh Circuit has explained that, generally, district courts should dismiss, without prejudice, supplemental state law claims once all of the federal claims have been dismissed. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).  Although exceptions to this general proposition exist, *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)(setting forth the exceptions), none of those exceptions is relevant here.  Accordingly, the Court dismisses Russell's supplemental state law claim—to the extent it exists—without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1.      **Plaintiff's motion for leave to proceed in forma pauperis [5] is DENIED AS MOOT as the Court has previously granted Plaintiff's motion [3] to proceed in forma pauperis.**

2.      **Plaintiff Mike D. Russell's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.  Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.**

3.      **This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).**

4.      **Plaintiff must still pay the full docketing fee even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of the Court as directed in the Court's prior Order.**

5.      **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.**

6.      **This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58.  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

Entered this 13th day of March 2014.


_____ /s James E. Shadid_____
                JAMES E. SHADID
CHIEF UNITED STATES DISTRICT JUDGE